**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Cr.A. No. 06-83-GMS |
| ANTHONY MARK BRISCOE, | : | |
| Defendant. | : | |

**SENTENCING MEMORANDUM SUBMITTED
ON BEHALF OF DEFENDANT ANTHONY MARK BRISCOE**

**COMES NOW,** Defendant Anthony Mark Briscoe by and through his attorney, John S. Malik, and respectfully requests that this Honorable Court grant Defendant Briscoe a downward Sentencing variance[1] or departure based upon the following grounds:

**A.    Introduction.**

1.    Sentencing in the above captioned criminal action is scheduled for Wednesday, March 5, 2008 at 10:00 A.M. in the United States District Court for the District of Delaware before the Honorable Gregory M. Sleet. Defendant Briscoe is to be sentenced on one count of Possession with Intent to Distribute more than 50 Grams of Crack Cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and two counts of Distribution of more than 5 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). As calculated in the Presentence Report, Defendant Briscoe's guideline range of sentence is 121 to 151 months of which 120 months is minimum mandatory.

---

[1]    See United States v. Vampire Nation, 451 F.3d 189 (3rd Cir. 2006), ruling that a post Booker discretionary sentence not based on a specific Guidelines departure provision is known as a Sentencing "variance". Id. at 195, n. 2, citing United States v. Sitting Bear, 436 F.3d 929, 932-933 (8th Cir. 2006).

This calculation is based on a Base Offense Level of 30 and a Criminal History Category of III. (PSR at §§ 15-36).

**B.     Factors to be Considered Pursuant to 18 U.S.C. § 3553(a).**

2.     In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the United States Supreme Court held that the United States Sentencing Guidelines are only advisory, not mandatory. As a consequence, the factors set forth in 18 U.S.C. § 3553(a) must be considered by a district court in fashioning a sentence for a defendant.[2] These factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to promote respect for the law, and the need to avoid unwarranted sentencing disparities.[3] Post-

---

[2]    See United States v. Vampire Nation, supra at 195-196, holding that the Guidelines are now advisory; that post-Booker, district courts exercise broad discretion in imposing sentences, so long as they begin with a properly calculated Guidelines range of Sentence and fully consider the broad variety of factors set forth in 18 U.S.C. § 3553(a) as well as all grounds advanced by the parties at Sentencing; and, that a district court may exercise discretion to vary from a Sentence under the Guidelines in a way that is not based on a specific Guidelines departure provision.

[3]    In pertinent part, 18 U.S.C. § 3553(a) reads as follows:

   (a)    **Factors To Be Considered in Imposing a Sentence.** - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

      (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

      (2)    the need for the sentence imposed—

         (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

         (B)    to afford adequate deterrence to criminal conduct;

         (C)    to protect the public from further crimes of the defendant; and,

         (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

      (3)    the kinds of sentences available;

Booker, a district court may now consider a virtually unlimited number of potential mitigating factors.[4] This truly discretionary approach to Guidelines Sentencing recently was approved by the United States Supreme Court in Gall v. United States, 552 U.S. --- , 128 S.Ct. 586, --- L.Ed.2d --- (2007), where a district court's downward departure from a Guideline Range of Sentence of 30 to 37 months of incarceration to 36 months of probation in a Distribution of Ecstasy case was held to constitute a proper exercise of the district court's Sentencing discretion; and, in Kimbrough v. United States, 552 U.S. ---, 128 S.Ct. 558, --- L.Ed.2d --- (2007), where a district court's downward departure from a Guideline Range of Sentence of 168 to 210 months of incarceration to 120 months of incarceration in Possession with Intent to Distribute in Excess of 50 grams of Crack Cocaine case also was held to be a proper exercise of the district court's Sentencing discretion.

    3.    Pursuant to the decision in Booker, district court judges have the authority to deviate from the guidelines either upwards or downwards. The Booker Court clearly acknowledged that each individual defendant cannot always be sentenced in accordance with a statutory guideline. Each case has its own merits or flaws and each defendant has

---

    (4)    the kinds of sentence and the sentencing range established for—

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines….

    (5)    any pertinent policy statement….

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and,

    (7)    the need to provide restitution to any victims of the offense.

[4]    See Koon v. United States, 518 U.S. 81, 106 (1996), and United States v. Coleman, 188 F.3d 354, 358 (6th Cir. 1999).

their own level of culpability. In fact, it has been held that the Guidelines "do not require a judge to leave compassion and common sense at the door to the courtroom."[5]

C. **Defendant Briscoe's Adjustment for Acceptance of Responsibility**.

4. Defendant Briscoe formally objects to the recommendation contained in the Presentence Report at page 5, ¶ 12 that he should not qualify for a two level downward adjustment in Offense Level based upon his affirmative Acceptance of Responsibility. According to the Commentary to U.S.S.G. § 3E1.1, a defendant may demonstrate his Acceptance of Responsibility even if he goes to trial in rare cases. (PSR at page 5, ¶¶ 13-14).[6] It is submitted that the instant criminal action typifies that "rare case" where going to trial should not preclude a defendant from being granted the Acceptance of Responsibility reduction for the following reasons:

a. Defendant Briscoe stipulated to, or more appropriately, admitted all essential elements in Count II and III of the Indictment and a bench trial was held solely on a single element of Count I of the Indictment, namely, whether the crack cocaine weighed more or less than 50 grams. On September 12, 2006, Ms. Stacy Turner, a DEA forensic chemist, analyzed the evidence seized from Defendant Briscoe. Ms. Turner testified at the bench trial that the net weight of the cocaine seized on July 19, 2006 was 51.59 grams.

---

[5] See United States v. Dominguez, 296 F.3d 192, 196 (3rd Cir. 2002).

[6] Application Note 2 to U.S.S.G. § 3E1.1 does not automatically preclude a defendant from consideration for a reduction in offense level for Acceptance of Responsibility. See United States v. Cantrell, 433 F.3d 1269 (9th Cir. 2006), holding that a contrite defendant who goes to trial may nonetheless be eligible for the acceptance reduction. According to Application Note 2 to U.S.S.G. § 3E1.1, the key to determining a defendant's eligibility for the Acceptance of Responsibility reduction is whether the defendant "puts the government to its burden of proof at trial by denying the essential factual elements of guilt," in which scenario the Acceptance of Responsibility reduction does not apply, as opposed to whether the defendant goes to trial to "preserve issues that do not relate to factual guilt," in which instance a defendant remains eligible for the reduction.

      b.      Defendant Briscoe maintained that the drugs weighed less than 50 grams based upon an independent weighing of the crack cocaine in question conducted by M. Beth Minnigh, Ph.D., a pharmacologist employed by Pharmakon Laboratories in Pittsburgh, Pennsylvania. Dr. Minnigh's independent weighing determined that the subject crack cocaine weighed 47.41 grams.

      c.      The issue regarding the weight of the crack cocaine was a significant one since it would determine whether Defendant Briscoe would face a minimum mandatory term of incarceration of 5 years if the crack cocaine weighed less than 50 gram or 10 years if the crack cocaine weighed 50 grams or more. Essentially, Mr. Briscoe disputed 1.6 grams of crack cocaine that would effectively double his minimum mandatory Sentence from 5 years to 10 years.

      5.      The determination in the Presentence Report that Defendant Briscoe did not admit to an essential element of the offense grossly overlooks his true acceptance of responsibility by his admitting to all other elements of all other charged offenses. Mr. Briscoe candidly stated in his Presentence Interview that he was selling crack cocaine because he needed money, had a pregnant girlfriend, and was out of work. Mr. Briscoe also expressed his remorse for his offense conduct. Existing case law establishes that it is clearly within a Sentencing Court's discretion to grant a two level Acceptance of Responsibility reduction when the weight of the drugs is a disputed issue.[7]

---

[7] In pre-Apprendi cases, some courts found it significant that drug quantity was a Sentencing factor and not an element of the offense to be proved to trial. See United States v. Negron, 967 F.2d 60 (2nd Cir. 1992), holding that if quantity is not an element of the offense, a defendant who admits guilt should not on that count alone be denied the adjustment for Acceptance of Responsibility where he seeks an adjudication on the quantity of narcotics with which he should be personally charged; United States v. Montes, 976 F.2d 235 (5th Cir. 1993), finding that it was proper to deny an adjustment for Acceptance of Responsibility where the defendants could have actually contested the drug quantity without having to stand trial - this was not the case in the case sub judice since after Apprendi, the quantity of a controlled substance charged as an element of the offense could only be challenged at trial); and, United States v.

**D.**     **Family Responsibilities**.

6.      Defendant Briscoe, as indicated in the Pre-Sentence Report, has a number of local family ties. (See PSR at §§ 38-42). Most importantly, Mr. Briscoe's long-time partner, Ms. Natasha Wilford, gave birth to the couple's first child a few months after Mr. Briscoe's arrest. The child has a number of serious medical conditions that have necessitated two surgeries. Although the Court cannot depart from the mandatory minimum 120 month Sentence, Defendant Briscoe requests that the Court consider the needs of his newborn son when fashioning an appropriate Sentence.

**E.**     **Substance Abuse and RDAP**.

7.      As indicated in the Pre-Sentence Report, Mr. Briscoe reports past use of alcohol and Marijuana on a daily basis. (PSR at §§ 45-47). Furthermore, Mr. Briscoe indicated during his interview that he is interested in participating in a substance abuse treatment program while in prison. He therefore respectfully requests that the Court recommend that he participate in the Residential Drug and Alcohol Program, (RDAP), as a part of his sentence.

**F.**     **Offense Conduct**

8.      Defendant Briscoe does not intend to downplay the seriousness of his Offense Conduct and he is remorseful that he has, at times, chosen to "make a quick buck" by selling drugs. That being said, Mr. Briscoe should be considered as a rather

---

Eschman, 227 F.3d 886 (7th Cir. 2000), reversing the rejection of the downward adjustment for Acceptance of Responsibility where the district court may have been improperly influenced by the defendant's good faith challenge to drug quantity. However, it is noted that in one instance, where a defendant challenged his factual guilt regarding drug quantity, the court denied him credit for Acceptance of Responsibility. See United States v. Johnston, 353 F.3d 617 (8th Cir. 2003), affirming denial of Acceptance of Responsibility where defendant disputed the amount of methamphetamine for which he was responsible and challenged his factual guilt. Nevertheless, based upon the foregoing case law, it is clear that a Sentencing court has the discretion to grant or deny a defendant credit for Acceptance of Responsibility if a defendant in good faith disputes the weight of controlled substances charged in an Indictment.

low level drug dealer in that he chose to sell drugs periodically and that the motivating factor for his latest arrest was his inability to find steady work coupled with the fact that he had a baby, his first, on the way. Again, although the charged offenses are serious, Mr. Briscoe's Guideline Range of Sentence overstates his drug dealing past. Accordingly, Mr. Briscoe prays that the Court consider his status as a low-level drug dealer at Sentencing.

**G.    Conclusion**.

9.    Based upon the foregoing facts and legal authorities, Defendant Anthony Mark Briscoe requests that he be granted a downward Sentencing variance or departure, specifically, that the Court sentence him to the minimum mandatory term of 120 months. Furthermore, Defendant Briscoe respectfully requests that this Court make a recommendation to the Bureau of Prisons that he be designated to the prison camp facility at Camp Hill, Pennsylvania so that he may have regular visits with his family and minor son.

**WHEREFORE**, Defendant Anthony Mark Briscoe respectfully requests that this Honorable Court grant a downward Sentencing variance or in the subject criminal action to the minimum mandatory statutory Sentence of 120 months.

> Respectfully submitted,
>
> /s/ John S. Malik
> JOHN S. MALIK
> 100 East 14th Street
> Wilmington, Delaware 19801
> (302) 427-2247
> Attorney for Defendant,
>  Anthony Mark Briscoe

Dated:  February 13, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Cr.A. No. 06-83-GMS |
| ANTHONY MARK BRISCOE, | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, John S. Malik, attorney for Defendant Anthony Mark Briscoe do hereby certify that on this 13th day of February, A.D., 2008, I have had the attached Sentencing Memorandum Submitted on Behalf of Defendant Anthony Mark Briscoe served electronically, via e-mail, and via hand delivery upon the individual listed below at the following address:

>Ilana Eisenstein, Esquire
>Assistant United States Attorney
>United States Attorney's Office
>Nemours Building
>1007 Orange Street, 7th Floor
>Wilmington, Delaware 19801

>/s/ John S. Malik
>JOHN S. MALIK
>100 East 14th Street
>Wilmington, Delaware 19801
>(302) 427-2247
>Attorney for Defendant,
>Anthony Mark Briscoe